UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DENNIS D. BEST, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 14-016-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. C. HOLLAND, Warden of | ) | **MEMORANDUM OPINION** |
| USP-McCreary, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Dennis D. Best ("Best") is presently confined at the Federal Correctional Institution –

McDowell located in Welch, West Virginia.[1]  Proceeding without an attorney, Best has filed

a petition for a writ of habeas corpus pursuant to 28  U.S.C. § 2241.   [Record No. 1]

However, because a proceeding under § 2241 is not the proper manner of obtaining the relief

sought, his petition will be denied.

## I.

In February 2000, an Indiana federal jury found Best guilty of conspiracy to possess

with intent and to distribute in excess of five grams of crack cocaine in violation of 21 U.S.C.

§ 846.  *See United States v. Dennis D. Best,* Criminal Action No. 2: 99-189 (N.D. Ind. 1999).

The district court subsequently concluded that Best qualified as a career offender under the

---

1       Best was confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky ("USP-
McCreary") at the time he filed his petition.

United States Sentencing Guidelines ("U.S.S.G.").  He was sentenced to a 360-month term of imprisonment, followed by an 8-year term of supervised release.  [*Id.*, at Record No. 66]

Best unsuccessfully appealed his conviction and sentence to the Seventh Circuit. *United States v. Best*, 250 F.3d 1084 (7th Cir. 2001).  Thereafter, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  In April 2003, the district court denied Best's motion and denied his request for a certificate of appealability.  [*Best,* Criminal Action No. 2: 99-CR-189, Record Nos. 122, 127]  Thereafter, the Seventh Circuit affirmed the denial of Best's § 2255 motion.  [*Id.*, at Record No. 135]

On June 15, 2005, Best filed a second § 2255 motion.  [*Id.*, at Record No. 136]  The district court denied his motion, without prejudice, to allow him to seek permission from the Seventh Circuit to file a second or successive § 2255 motion.  [*Id.*, at Record No. 142]  On July 1, 2008, Best filed a motion to reduce his sentence under 18 U.S.C. §§ 3582(c)(2) and 3553(a), arguing that his sentence must be reduced to reflect the amended, advisory guideline range concerning the retroactive application of the sentencing guidelines to crack cocaine offenses.  [*Id.*, at Record No. 150]  The district court subsequently denied that motion and its denial was affirmed on appeal.  [*Id.*, at Record Nos. 154, 162]

Best continued to file motions attempting to collaterally attack his sentence.  In particular, on February 21, 2012, Best filed a third § 2255 motion to vacate his sentence under the "Savings Clause" of 28 U.S.C. 2255(e).  [*Id.*, at Record No. 196]  The district court again denied Best's motion, informing him that he must seek prior authorization from the Seventh Circuit before filing any additional § 2255 motions.  [*Id.*, at Record No. 198]  The court also warned Best that his continued practice of filing frivolous motions would result in monetary sanctions and/or limitations on his abilities to file additional papers in that court.

The district court also noted that Best's practice of filing frivolous documents necessitated the same warning from the Seventh Circuit. [*Id.*, p. 2] On January 24, 2014, Best filed a petition for habeas relief under § 2241. [Record No. 1]

## II.

In conducting an initial review of habeas petitions pursuant to 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because Best is not represented by an attorney, the Court evaluates his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Thus, at this stage of the proceedings, Best's factual allegations are accepted as true and his legal claims are liberally construed in his favor.

Best argues in his current petition that the district court erred by determining that he qualified as a career offender and that he is "actually innocent" of the sentencing enhancement. [Record No. 1-1, pp. 5-6] In support, he contends that his three prior felony convictions should have only qualified as one conviction and that his conviction for dealing in a sawed-off shotgun was improperly considered a "crime of violence" within the meaning of U.S.S.G. § 4B1.2. [*Id.*, p. 4]

Best's claim that he is "actually innocent" of being a career offender fails to provide a basis for habeas relief under 28 U.S.C. § 2241. As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the Bureau of Prisons's calculation of sentence credits or other issues affecting the length of his

sentence).  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also*

*Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  The Sixth Circuit has explained

the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that
> seek to challenge their convictions or imposition of their sentence shall be
> filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and
> that claims seeking to challenge the execution or manner in which the sentence
> is served shall be filed in the court having jurisdiction over the prisoner's
> custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks

omitted).  Thus, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking

relief from an unlawful conviction or sentence, not § 2241.  *See Capaldi v. Pontesso*, 135

F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" in § 2255(e) provides a narrow exception to this rule.  Under

this provision, a prisoner is permitted to challenge the legality of his conviction through a

§ 2241 petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality

of his detention.  28 U.S.C. § 2255(e).  This exception does not apply if a prisoner fails to

seize an earlier opportunity to correct a fundamental defect in his convictions under pre-

existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but

was denied relief.  *Charles*, 180 F.3d at 756.  A prisoner proceeding under § 2241 can

implicate the savings clause of § 2255 if he alleges "actual innocence."  *Bannerman v.

Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a defendant may only pursue a claim

of actual innocence under § 2241 when that claim is "based upon a new rule of law made

retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir.

2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Best is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility. Instead, he simply regurgitates his claim that he is "actually innocent" of being a career offender (a claim he raised on direct appeal and in his § 2255 motions) and that the district court erred in classifying him as a career offender under the Sentencing Guidelines. Such tactics are not permissible. *See Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010) ("[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

Moreover, as the Sixth Circuit has explained, a prisoner generally must "show an intervening change in the law that establishes his actual innocence . . . to obtain the benefit of the savings clause." *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004). The authorities and Seventh Circuit cases Best cites in support of his claim are not Supreme Court decisions that have been made retroactive to cases on collateral review. *Cf. Townsend*, 83 F. App'x at 729. Instead, his habeas petition constitutes an attempt re-litigate a claim already found to be without merit. *See Lucas v. Berkebile*, No. 7:11–28–HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.").

### III.

Best has failed to demonstrate that he is entitled to proceed under § 2241. Accordingly, it is hereby

**ORDERED** as follows:

1.      Petitioner Dennis D. Best's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.      Judgment shall be entered contemporaneously in favor of J.C. Holland, Warden of USP-McCreary.

This 22nd day of May, 2014.

Signed By:

*Danny C. Reeves*

**United States District Judge**